BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN (Cal. Bar No. 190414)
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    Federal Courthouse, 11th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727/2569
    Facsimile: (213) 894-6269
    E-mail: Jonathan.Galatzan@usdoj.gov
            Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:25-CV-01760 |
| Plaintiff, | **COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO DEPART PURSUANT TO 8 U.S.C. § 1229c(d)** |
| v. | |
| ABACUC TRUJILLO ACOSTA, | |
| Defendant. | |

1

Plaintiff, United States of America, hereby alleges as follows:

## PARTIES

1. Plaintiff United States of America (the "United States") is the Federal government. The United States brings this action on behalf of the Department of Homeland Security ("DHS") as an agency and instrumentality of the United States.

2. Defendant Abacuc Trujillo Acosta ("Defendant") during all relevant times is an individual and noncitizen residing in the County of Orange within this judicial district.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345 in that the Plaintiff is the United States of America.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a) in that the events giving rise to Plaintiff's claims occurred in the Central District of California, and because Defendant resides within the Central District of California.

## GENERAL ALLEGATIONS

5. Defendant is indebted to the United States for a civil penalty assessed for his failure to voluntarily leave the country during the required period to do so. The total principal amount of the civil monetary penalty is $3,030.00, as of August 8, 2025. *See* Certificate of Indebtedness, attached hereto as **Exhibit 1** and incorporated herein.

6. The civil monetary penalty is owed pursuant to section 240B of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c. That section provides, in pertinent part, that "if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000." *See* 8 U.S.C. § 1229c(d).

7. Defendant is a noncitizen living in this country illegally. As such, he is subject to removal. During removal proceedings, Defendant requested to be permitted to

voluntarily leave the country, and that request was granted.  *See* Ex. 1 at 18 (April 7, 2008 Transcript referencing Voluntary Departure Order [the "Voluntary Departure Order"]) and 21-22 (Immigration Appeal Board Order at 21-22).

8. The Voluntary Departure Order provided for a June 5, 2008 departure date, the Appeal Order provided for a December 14, 2008 departure date, defendant filed a petition for review with the Ninth Circuit relative to the Immigration Appeal Board Order and a stay relative to the departure date, which petition was dismissed.  *See id.* and Ninth Circuit Case No. 08-74544, Dkt. No. 7.  Defendant also filed a motion to stay the Ninth Circuit's issuance of a mandate relative to the petition ruling, which the Ninth Circuit denied thereby restarting the departure date clock and fixing defendant's required date to leave the country at September 16, 2009.  Ninth Circuit Case No. 08-74544, Dkt. Nos. 8 and 9.

9. The Immigration Appeal Board Order also advised Defendant that he would be assessed a penalty if he failed to depart within the specified time period.  *See* Ex. 1 at 21-22.

10. The Voluntary Departure Order was personally served on Defendant on April 7, 2008.  *See* Ex. 1 at 5.

11. Plaintiff provided notice to Defendant of its intent to levy a fine against him in the amount of $3,000 for his failure to comply with the deportation orders.  *See* Ex. 1 at 23-24 (Notice of Intent to Levy Fine, issued on April 8, 2025).

12. Defendant was given 30 days to object to the issuance of the penalty.  *Id.*  The Notice of Intent to Fine was sent by certified/registered mail, return receipt requested.  *See* Ex. 1 at 24. The Notice was delivered on April 22, 2025 at 10:21 a.m. to Orange, California.  *See* Ex. 1 at 25-26 (USPS tracking confirmation).  Defendant failed to respond to the Notice of Intent to Levy Fine.

13. The Final Order Imposing Penalty for Failure to Depart was issued on May 24, 2025, and assessed a penalty of $3,000 against Defendant.  *See* Ex. 1 at 29-31 (Final Order Imposing Penalty for Failure to Depart).

14. A Notice and demand for payment has been made upon Defendant by the Plaintiff for the amount due, was sent by U.S. mail. *See* Ex. 1 at 32-37 (Invoice and Past Due Notice). The penalty remains unpaid.

## FIRST CLAIM FOR RELIEF

### (Civil Penalties for Failure to Depart - 8 U.S.C. § 1229c(d))

15. Plaintiff realleges the preceding allegations contained in the paragraphs 1 through 14 above and incorporates them by reference as if fully and completely set forth herein.

16. The INA provides that the Attorney General may permit a noncitizen to voluntarily depart the United States at the alien's own expense. *See* 8 U.S.C. § 1229c(a)(1).

17. If a noncitizen is permitted to depart voluntarily under U.S.C. § 1229c and voluntarily fails to depart the United States within the time specified, the noncitizen shall be subject to a civil penalty of not less than $1,000 and not more than $5,000.

18. Defendant is a noncitizen subject to removal who requested that he be permitted to voluntarily depart the country, and that request was granted. *See* Ex. 1 at 18 and 21-22.

19. Defendant did not depart the country by the deadline set forth in by the date required by the Ninth Circuit's order. Thus, he is subject to a civil penalty for failure to depart under 8 U.S.C. § 1229c(d).

20. Plaintiff provided notice to Defendant of its intent to levy a fine in the amount of $3,000 via certified registered mail to Defendant's address. *See* Ex. 1 at 29-31. Defendant did not respond or pay the assessed penalty. *See* Ex. 1 at 32-37.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays:

1. For judgment against Defendant for the amount of $3,030.00, plus interest, penalties, costs and fees that have accrued to the date of judgment; and thereafter, interest accruing at the legal rate pursuant to 18 U.S.C. § 1961; and

2. For such other and further relief as the Court deems just and proper.

Dated: August 11, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
JONATHAN GALATZAN
VICTOR A. RODGERS
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

5