# Exhibit 1

**Department of Homeland Security**
**U.S. Immigration & Customs Enforcement**
**Financial Service Center-Burlington**

### CERTIFICATE OF INDEBTEDNESS (COI)

The total debt due to the United States on the claim included in this certificate was $3,030.00 on August 8, 2025.

**Summary of Debt Origination**: This debt arose from a Final Order issued by the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), regarding a penalty for failing to depart the United States in a timely manner after having received either a grant or reinstatement of voluntary departure, 8 U.S.C. § 1229c(d). The debtor is liable for the amount of the penalty, which is $3,000.00, and for interest and penalties assessed on the debts pursuant to the Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3717. Exhibit A includes the invoice and demand letter, and the agency documentation supporting the debt. The debtor was billed for the claim as required by the Federal Claims Collections Standards (31 C.F.R. § 901.2).

**Date Debt Incurred**: For purposes of the statute of limitations, ICE uses the most conservative measure of the date the debt was incurred, which is the date of the final order on the noticed failure-to-depart penalty. The notice of intention to fine in this case was prepared on April 8, 2025, and it was served by ICE on April 18, 2025, per 8 C.F.R. § 103.8. ICE prepared the final order on May 24, 2025, and although the final order states the notice of intention to fine was served on April 9, 2025, this was an error, and the service date was actually April 18, 2025.

**Collection Activity**: The demand letter in this case was issued by ICE on May 27, 2025. The demand letter was returned to ICE on June 4, 2025, with the notation, "Insufficient Address Unable To Forward."

**Complete breakdown of total debt**: The following table sets forth the total debt due as of August 8, 2025. Interest is assessed at a rate of 5% per annum and penalties are assessed at a rate of 6% per annum.

| Agency Ref. | Invoice No. | Invoice Date | Principal | Interest | Penalties | Total |
|---|---|---|---|---|---|---|
| LOSNIF240B075767510 | 26001659806 | 5/27/2025 | $3,000.00 | $30.00 | | $3,030.00 |

**Debtor's name and Address:** **Abucac Trujillo Acosta**
███████████████
**Orange CA 92867-5145**

I certify that the records of ICE show that the debtor named above is indebted to the United States in the total amount stated above. Interest, which began 10 days after the invoice date, accrues on the listed claims at the annual rate of 5%. Penalty charges accrue at the rate of 6%

per annum beginning 91 days from the invoice date.  All charges are computed pursuant to 31 U.S.C. § 3717.

**CERTIFICATION:**  Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Date:  August 8, 2025

MATTHEW R NOEL
Digitally signed by MATTHEW R NOEL
Date: 2025.08.08 15:49:40 -04'00'

on behalf of Mr. Monette

John Monette
Branch Chief
Revenue Management Branch

# Exhibit A

IMMIGRATION COURT
606 SOUTH OLIVE ST., 15TH FL.
LOS ANGELES, CA  90014

In the Matter of

Case No.: ████████████

TRUJILLO ACOSTA, ABACUC
  Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
                                    APR -7 2008

This is a summary of the oral decision entered on _____.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ]  The respondent was ordered removed from the United States to
       or in the alternative to .
[  ]  Respondent's application for voluntary departure was denied and
       respondent was ordered removed to  or in the
       alternative to .
[X]  Respondent's application for voluntary departure was granted until JUN -6 2008
       upon posting a bond in the amount of $ _____
       with an alternate order of removal to _____

Respondent's application for:
[X]  Asylum was ( )granted  ( )denied(X)withdrawn.
[X]  Withholding of removal was ( )granted ( )denied  (X)withdrawn.
[  ]  A Waiver under Section _____ was ( )granted ( )denied ( )withdrawn.
[  ]  Cancellation of removal under section 240A(a) was ( )granted ( )denied
       ( )withdrawn.

Respondent's application for:
[X]  Cancellation under section 240A(b)(1) was ( ) granted  (X) denied
       ( ) withdrawn.  If granted, it is ordered that the respondent be issued
       all appropriate documents necessary to give effect to this order.
[  ]  Cancellation under section 240A(b) (2) was ( )granted ( )denied
       ( )withdrawn.  If granted it is ordered that the respondent be issued
       all appropriated documents necessary to give effect to this order.
[  ]  Adjustment of Status under Section ____ was ( )granted ( )denied
       ( )withdrawn.  If granted it is ordered that the respondent be issued
             all appropriated documents necessary to give effect to this order.
[X]  Respondent's application of ( ) withholding of removal  ( ) deferral of
       removal under Article III of the Convention Against Torture was
       ( ) granted ( ) denied (X) withdrawn.
[  ]  Respondent's status was rescinded under section 246.
[  ]  Respondent is admitted to the United States as a _____ until _____.
[  ]  As a condition of admission, respondent is to post a $ _____ bond.
[  ]  Respondent knowingly filed a frivolous asylum application after proper
       notice.
[X]  Respondent was advised of the limitation on discretionary relief for
       failure to appear as ordered in the Immigration Judge's oral decision.
[• ]  Proceedings were terminated.
[  ]  Other: _____
       Date:  Apr 7, 2008

                                                    THOMAS FONG
                                                    Immigration Judge

Appeal: Waived/Reserved   Appeal Due By:
                                    MAY -7 2008

ALIEN NUMBER: ███████          ALIEN NAME: TRUJILLO ACOSTA, ABACUC

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] DHS
DATE:    APR -7 2008    BY: COURT STAFF _____
 Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6



Alien Number: ▮▮▮▮▮▮          Alien Name:  TRUJILLO ACOSTA, ABACUC

### LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(  ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

(  ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( . ) 3. You have been granted voluntary departure from the United States purusant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure or the date of unlawful reentry, respectively.  Your voluntary departure bond, if any, will also be breached.  Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

(  ) 4. An order of removal has been entered against you.  If you fail to appear pursuant to a final order of removal at the time and place ordered by the DHS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for ten (10) years after the date you are scheduled to appear.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
  1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
  2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
  3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English.  Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.

Date: Apr 7, 2008
Immigration Judge: _____ or Court Clerk:_____

---

### CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [·] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [.] DHS
DATE: __APR -7 2008__     BY:  COURT STAFF _____
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Z6

Complaint, Ex. 1, page 6 of 37

EOIR 2717493

## U.S. DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT

### Los Angeles, California

File ██████████████          Date:      April 7, 2008

In the Matters of

|  |  |  |
|---|---|---|
| ABACUC TRUJILLO-ACOSTA | ) | IN REMOVAL PROCEEDINGS |
| OLGA LIDIA TRUJILLO | ) | |
| Respondents | ) | |

CHARGE:          212(a)(6)(A)(i) of the Act, to have entered
                 without inspection, admission or parole.

APPLICATIONS:    Cancellation of Removal and Voluntary
                 Departure in the alternative: Asylum and
                 Persecution Claims withdrawn and waived.

APPEARANCES:

ON BEHALF OF RESPONDENTS:          ON BEHALF OF THE DEPARTMENT
                                   OF HOMELAND SECURITY:

Juan A. Laguna, Esquire            Melissa B. Karlen, Esquire
Santa Ana, California              Los Angeles, California

### ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondents are husband and wife, natives and citizens of the country of Mexico. Both aged 39 years of age. They entered the United States approximately 13 years ago, albeit unlawfully in violation of Section 212(a)(6)(A)(i) of the Act.

Respondents first came before the Court upon issuance of

09/22/2019/ - Page 4

EOIR 2717494

charging documents, see Exhibits 1 and 2, filed by the Department of Homeland Security with the Immigration Court. That case was first heard before Immigration Judge Ingrid K. Hrycenko, and at a hearing on July 19, 2001, Respondents pled to the allegations and charge of removeability. They conceded removeability, which is not an issue nor challenged.

The Respondents although come to the attention of the government through filing of an asylum claim, withdrew those applications and claims. And formerly on the record on December 20, 2006, did not assert not renew those claims with the Immigration Court. The Respondents' cases were continued on a number of occasions due to the retirement of Judge Hrycenko, their first immigration judge. A transfer of the case from Judge Bass, due to a review of the record disclosing she was a trial attorney before the government, representing the government, in fact, of this case at one point. And ultimately, therefore, to this Court for further proceeding. The first court case heard before this court, Immigration Judge Thomas Fong, was on December 20, 2006. At that hearing, it was determined that the matter and case was ready for a hearing and the case was reset for further presentation. A continuance occurred on May 22, 2007 due to a court conflict and other assignment and the matter reset to today's date, April 7, 2008 for presentation of the claim.

Respondents provided the appropriate background and fingerprint and record checks for the government and the

A9/28/2069/ -Page 55 767 511                 1                    April 7, 2008

EOIR 2717495

government indicated there is no record or indication of criminal record or activity that would be a statutory good moral character or criminal bar and that's so noted.

The Court moves on now to consider the Aliens' claim for relief, which has actually been presented and submitted. Respondents seek a Cancellation of Removal claim of Section 240(a)(B)(1) of the Act. That case under statute, that law requires an alien to establish four requirements of law. One, that they're persons of good moral character. Second, that they're individuals who have not been convicted of crimes that under the law would be statutory bars. Three, physical presence of a minimum of 10 years, even if unlawfully, in this country. And fourth, exceptional and extremely unusual hardship to a qualified relative or relatives, separate or cumulatively, in their case. And finally, there is a requirement of discretionary nature that requires Respondents to establish discretion that would warrant the relief they are seeking. See <u>Matter of Monreal</u>, 23 I&N Dec. 56 (BIA 2001).

The Court, as noted, has found the Respondents have established the requisite of good moral character and that's there's no evidence from background and fingerprint checks provided that they have a criminal record. The Court is also satisfied that the third requirement of 10 years physical presence has also been met in both cases. The issue, as argued, in fact, by closing statement of Respondents' counsel is the fourth

A9/22/2019/ sBagetts 767 511                    2                    April 7, 2008

EOIR 2717496

requirement, of what is exceptional and extremely unusual hardship and whether the Respondents have established this factor and element in their cases.

The Appellate Board in Matter of Monreal stated that all four requirements of the law must be met. It is not three out of four or a claim that is greater than the other four that is required. The statute clearly set by Congress requires that all four statutory requirements be proven before an alien can be considered favorably and also, obviously, the discretionary requirements.

The Respondents' counsel, in his closing argument, set forth, in fact, what are often factors being looked at in the issue of hardship. In Matter of Monreal, the seminal matter and case in this matter, the Appellate Board first looked at the issue of what constitutes exceptional and extremely unusual hardship. They first noted that when Congress changed the law in 1996, that a higher standard was required to be met by Respondents during that claim. A prior lower standard of extreme hardship was now raised to the level of exceptional and extremely unusual hardship.

The Congress, when they amended the law and raised this burden, however, did not define that statutory language and the Appellate Board, therefore, in the Matter of Monreal examined the legislative history, background information and other materials that was presented and found the following. They stated in Matter of Monreal, supra, that hardship of exceptional and extremely

A9/23/2069/ 5Page/75 767 511                3                April 7, 2008

EOIR 2717497

unusual nature is hardship which is "substantially beyond that which ordinarily would be expected to result from an alien's deportation" or removal from the United States.  Citing H.R. Congress Report #104-828.  The Appellate Board further went on to note that Congress intended that Cancellation of Removal be available to non-permanent resident aliens "only if qualified relatives" were established to have had this hardship.  No longer was a hardship to the Respondents themselves of relevant nature unless they, of course, indirectly or directly, might affect the hardship to the qualified relatives.

The Appellate Board then went on to note that the factors in the former suspension, deportation or lower standard of extreme hardships still are factors to be considered but that the higher standard of hardship must be established.  They went on them to even give examples of what might establish this higher standard of hardship.  When it came to citizen children or permanent resident alien children, as is in this case, three US citizen children of ages 14, 12 and 6, the Appellate Board noted that if there was evidence presented of "very serious health issues" or "compelling special needs in school," this might establish such a claim.  They did not exclude any other factors or elements but gave those as two prime examples of what might establish this type of hardship.

In the instant cases, unfortunately, neither of these hardship presentations are present.  The Respondents' three

A975-209/ sheets 767 511                 4                      April 7, 2008

EOIR 2717498

children are healthy with no medical or physical problems of any kind.  Thankful parents so noted.  Their children proudly and appropriately are outstanding students the parents state.  One is almost a straight A student, an honor student.  One, who receives high grades of A's and B's and the other child, although not as accomplished academically as the two older siblings, does fine in school, i.e., he is a good student.

Much of this is credited to the Respondents themselves and specific to the mother who makes special efforts not only to be involved in their school and the school community, but also to ensure that her children study, do their homework, dedicate themselves and they both emphasize the need for education.

The Respondents in <u>Matter of Monreal</u> were also looking at three US citizen children.  Added to that, however, were hardship claim to LPR parents.  Their assertions in <u>Matter of Monreal</u> was the fact that, if they were to go back to Mexico, they would take their children also to Mexico with them.  Monreal is similar in many instances to the Respondents' present case.  Three US citizen children, albeit older than the children in Monreal.  Also two individuals, husband and wife, facing return to Mexico and facing and wanting to take their children with them.  They would not leave them in the US either without their presence.  Their children were also healthy with no medical and physical problems.  The Respondents' in Monreal children were also English and Spanish-speaking individuals, that is able to both speak and

A 75-769 / 572-675 767 511                5                April 7, 2008

Complaint, Ex. 1, page 12 of 37

EOIR 2717499

understand bilingually English and Spanish.  They also had some minimal ability to read and write Spanish also, as well favored and fluent in that language.

All Respondents' children in that case also communicated with their parents and their grandparents in the Spanish language, although freely able to speak and communicate in English.

The Respondents in that case failed to establish the exceptional and extremely unusual hardship.  The Appellate Board, although noting that the children would be going with their parents to Mexico, was not viewing this as a removal or deportation of the children.  The Respondents were the ones who would decide whether their children would remain in the United States or whether they would go with them to Mexico.  As is the law, if the Court finds that this claim is adverse to the Respondents and they must leave, it's not an Order or a requirement that the Respondents' children, who are US citizens, leave this country.  It is the parents and Respondents who will make that choice.

Regardless, the Appellate Board found that although there was hardship, children would be obviously deprived of the educational opportunities, career opportunities and the like if going to Mexico with their parents, this was not out of the ordinary.  The fact that they would have to now learn or be educated in the Spanish-speaking schools in Mexico was also noted but this was not, again, out of the ordinary.  In fact, these were

A 75 767 511                          6                          April 7, 2008

EOIR 2717500

things that were not out of the ordinary but expected in most situations of similar nature.

The Court, however, does not end its evaluation whether exceptional and extremely unusual hardship was met because of the seminal and similar nature of Matter of Monreal, supra.  It goes all to note that there are other cases that the Appellate Board has so issued orders and findings in regard to what does or does not constitute exceptional and extremely unusual hardship.  This, unfortunately, is where the Respondents' case clearly failed to establish this statutory requirement.  In Matter of Andazola, 23 I&N Dec. 319 (BIA 2002) the Appellate Board again was looking at the issue of whether hardship of exceptional and extremely unusual nature had been established.  In that case, the Appellate Board was looking at an unmarried woman from Mexico, who was facing returning to Mexico with two sick children who were born in the United States, ages six and eleven years of age.  The Respondent and her children faced economic conditions of poor economic nature, let alone diminished opportunities educationally for her children in Mexico.  Although coming from Mexico, the Respondent in that case had no family in that country.  No family in the US to leave her children with.  She was faced with having to take her children with her, no choice and going to a country where she had no family ties, anyone to assist her, help her children or herself to adjust or re-adjust to a country.  Her opportunities educationally for her children were diminished, her poor economic

A9/28/2069/ -Page 14  767 511               7                    April 7, 2008

EOIR 2717501

ability to provide for them, sorely indicated. Despite all this, the Appellate Board found that this did not establish exceptional and extremely unusual hardship. Again, as unfortunate as a hardship it was, it was not out of the ordinary.

Respondents clearly do not even come close to the female Respondent in the Andazola matter. Fortunate for their children, they have their mother and father, supportive of them with health and ability to provide for their children, albeit certainly not in the lifestyle, wages and employment that they have provided here. But they are fortunate to have two loving parents, supportive of them for years and to continue to support them.

The Respondents have substantial family in that country to help adjust their family, let alone their children. Numerous uncles and aunts, even one grandparent, who can provide loving support, even if not financially, emotionally and otherwise support. The Court only knows the male Respondent has most of his siblings in that country, including five brothers and sisters with numerous nephews, nieces, cousins and the like. The female Respondent has 10 siblings with numerous uncles, aunts, cousins and the like, nephews and nieces. All with the opportunity at least to provide some emotional, let alone other kind of assistance.

The Court regardless notes that these individuals, the Respondents, are admirable parents and individuals. Although there has been question about the tax returns they filed in the

A 73 767 511                                 8                        April 7, 2008

EOIR 2717502

years 1991 through 2000. Whether the Respondents had clear knowledge of the false nature of some of the information provided and albeit, they were all to their benefit. The Court notes that the issue is not whether the matter of discretion they warrant for relief, is the issue of their failure to establish statutory eligibility of exceptional and extremely unusual hardship.

The Court, therefore, need not go to the issue of whether the Respondents narrowed their relief as a matter of discretion. Now, the Court certainly notes that other than the questionable tax returns filed, some use of social security numbers of false nature and illegal entry, which often is the situation, i.e., the two latter of the situation in Respondents who come to this country. As a whole, they are good people, hard working, tried to provide for their family, tried to make sure their children are raised in a good environment away from bad influences, emphasizing education. They even, as the female Respondent indicated, for nine years being a dedicated parent tries not only to provide for her children but to help other Spanish-speaking parents to work with the school system and administration for their children's own benefit. All these show, as a matter of discretion, they certainly are deserving people.

The only adverse fact of any serious nature to the Court, tax returns certainly could be fixed, although they should have been fixed earlier, by filing corrected tax returns, then paying their fair share. But the Court would not deny their

09/22/2019 - Page 13
A 75-967 - 3867 75 767 511                 9                 April 7, 2008

Complaint, Ex. 1, page 16 of 37

EOIR 2717503

claims merely because of a tax return issue.

It is more unfortunate that Respondents, despite all their good works in this country and attempts to provide for their family, simply fails to establish the crux of hardship. The Respondents' counsel argued in his closing argument that the Court should send a message to the Appellate Board. Unfortunately, that is not the responsibility of this Court, in fact, if anything, a Court is bound by precedent decision. It does not create precedent decision but must follow precedent decision. And although the onerous nature of Cancellation of Removal is that Respondents meet an exceptional and extremely unusual hardship, they simply do not meet it based upon precedent law set by the Appellate Board, which this Court is bound to apply.

The Court, therefore, despite the personal sympathies that the Court has for these individuals, cannot find that exceptional and extremely unusual hardship has been met and must deny their applications on that failure to meet that element and ground.

The Respondents seek Voluntary Departure and may be removable in Order of Removal and Deportation. They clearly in the view of the Court deserve that relief and will be granted Voluntary Departure.

## ORDER

IT IS ORDERED the Respondents' Applications for Cancellation of Removal be denied for failure to establish a

A 75-767-511                      10                      April 7, 2008

EOIR 2717504

statutory eligibility requirement of exceptional and extremely unusual hardship.

The Court regardless, however, grants Voluntary Departure on or before June 6, 2008, with an alternate Order of Removal and Deportation from the United States to the country of Mexico.  If the Respondents fail to depart by that date or Voluntary Departure not extended or provided, it so expires. Under the law, however, the Respondents are required to post a Voluntary Departure bond of a minimum of $500, which is all the Court will require, or if Voluntary Departure is granted, they would be revoked in full.

The Court, therefore, orders that Respondents' claim for relief be denied for statutory ineligibility but grant Voluntary Departure on or before June 6, 2008, with an alternate Order of Removal and deportation to Mexico if the Respondents fail to post their individual $500 departure bonds or fail to depart when it is required and promised by them under law.

_____
THOMAS Y. K. FONG
Immigration Judge

09/22/2009 - Page 15   767 511            11                     April 7, 2008

EOIR 2717505

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

THOMAS Y. K. FONG, in the matter of:

ABACUC TRUJILLO-ACOSTA



OLGA LIDIA TRUJILLO

Los Angeles, California

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

*Janetta L. Nielsen*

Janetta L. Nielsen, Transcriber

YORK STENOGRAPHIC SERVICES, INC.
34 North George Street
York, Pennsylvania 17401-1266
(717) 854-0077

MAY 1 9 2008
_____
Completion Date

jln/ccb

09/22/2019/ - Page 16



U.S. Department of Justice

Executive Office for Immigration Review   EOIR 2717490

Board of Immigration Appeals
Office of the Clerk

_____

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Laguna, Juan A., Esquire
1113 N. Spurgeon St.
Santa Ana, CA 92701-0000

Office of the District Counsel/LOS
606 S. Olive Street, 8th Floor
Los Angeles, CA 90014

Name: TRUJILLO ACOSTA, ABACUC
Riders: ███████

███████████

Date of this notice: 10/14/2008

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Adkins-Blanch, Charles K.

09/22/2019/ - Page 1

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

Files:                    - Los Angeles, CA          Date:      OCT 1 4 2008

In re: ABACUC TRUJILLO-ACOSTA
      OLGA LIDIA TRUJILLO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENTS: Juan A. Laguna, Esquire

APPLICATION: Cancellation of removal pursuant to section 240A

 

    The respondents have filed a timely appeal of the Immigration Judge's decision dated April 7, 2008, denying their application for cancellation of removal pursuant to section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. §1229b(b)(1). The decision of the Immigration Judge will be affirmed, for the reasons stated therein. In particular, the Immigration Judge properly considered all of the relevant factors in this case, cumulatively, and correctly concluded that the respondents failed to establish "exceptional and extremely unusual hardship" to their qualifying relatives. *See Matter of Andazola*, 23 I&N Dec. 319 (BIA 2002); *Matter of Monreal*, 23 I&N Dec. 56 (BIA 2001); *cf. Matter of Recinas*, 23 I&N Dec. 467 (BIA 2002). The respondents failed to show hardship, including the loss of educational opportunities and the higher cost of medical care in Mexico, that is substantially beyond that which would ordinarily be expected when a person is removed from the United States. *See Matter of Monreal, supra*, at 65. The Immigration Judge correctly noted that the respondents' United States citizen children had no "very serious health issues" or "compelling special needs in school." *See Matter of Monreal, supra*, at 63. Moreover, the Immigration Judge did properly consider the fact that the respondents' United States citizen children would be separated from loved ones. *See Matter of Andazola, supra*, at 322, distinguishing *Salcido-Salcido v. INS*, 138 F.3d 1292 (9th Cir. 1998) (hardship imposed by family separation in suspension of deportation claims). *See also Cabrera-Alvares v. Gonzales*, 423 F3d 1006, 1013 (9th Cir. 2005). Accordingly, the following orders will be entered.

    ORDER: The appeal is dismissed.

    FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondents are permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security (DHS). *See* section 240B(b) of the Immigration and Nationality Act; 8 U.S.C. § 1229c(b); *see also* 8 C.F.R. §§ 1240.26(c), (f). In the event the respondents fail to voluntarily depart the United States, the respondents shall be removed as provided in the Immigration Judge's order.

09/22/2019/ - Page 2

A075 767 510 et al.                                                    EOIR 2717492

NOTICE: If the respondents fail to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondents shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. *See* section 240B(d) of the Act.

**FOR THE BOARD**

09/22/2019/ - Page 3                          **2**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INTENTION TO FINE UNDER SECTION 240B
## OF THE IMMIGRATION AND NATIONALITY ACT

**United States of America**

Office Address: 500 12th St. SW MS 5302 Rm. 11078
Washington, D.C. 20536

File Number: ▮▮▮▮▮▮

Penalty Tracking Number: LOS-NIF-240B-075767510

In the matter of (Respondent): TRUJILLO Acosta, Abacuc

Address (Street Number and Name, City, State, and Zip Code):

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Orange, CA 92867

Upon inquiry conducted by U.S. Immigration and Customs Enforcement (ICE), it is alleged that:

☒ On  10/14/2008  , an Immigration Judge or the Board of Immigration Appeals granted you a period of Voluntary Departure.

☐ On _____ , the Immigration Judge advised you that if you fail to voluntarily depart the United States within the time period specified, pursuant to section 240B(d) of the Immigration and Nationality Act, you will also be subject to the following penalties: a civil penalty of not less than _____ and not more than _____.

☐ On that same date, the Immigration Judge set the presumptive amount of _____ (or _____ instead of the presumptive amount).

☐ On _____ , an authorized immigration officer granted you an extension of the period of Voluntary Departure through _____.

☒ You voluntarily failed to depart the United States by  09/16/2009  pursuant to the grant of Voluntary Departure or any authorized extension.

Upon the basis of the foregoing allegations, it is charged that you are in violation of the following provision(s) of law: **Section 240(B)(d) (1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(d)(1)(A).**

**Wherefore,** pursuant to Section 240B of the Immigration and Nationality Act, and 8 Code of Federal Regulations §1240.26(j) it is the intention of ICE to **order you to pay a fine in the amount of** $3,000.00.

LISA M ZAMORA  Digitally signed by LISA M ZAMORA
Date: 2025.04.08 09:23:15 -07'00'
Signature of Issuing Officer

ANDREA I KOVACS  Digitally signed by ANDREA I KOVACS
Date: 2025.04.08 21:45:48 -07'00'
Signature of Reviewing Officer

Lisa Zamora
Name of Issuing Officer

Andrea Kovacs
Name of Reviewing Officer

Detention and Deportation Officer
Title of Issuing Officer

Section Chief
Title of Reviewing Officer

04/08/2025
Date

04/08/2025
Date

ICE Form I-79A (9/18)

Page 1 of 2

I.  You have the right to contest this Notice. If you desire to contest this Notice, you must:

1.  Within 30 days from the service of this Notice, submit a written defense in duplicate, under oath, with documentary evidence setting forth the reasons why a civil penalty should not be imposed, AND

2.  State whether a personal interview is requested; AND

3.  Submit your written materials contesting this Notice and any request for a personal interview, in person or by certified mail to the following address:

Attn: Civil Fines
500 12th St. SW, Mailstop 5202, Rm. 11078
Washington, D.C. 20536

You may file a request for an extension to respond to this Notice. The extension request cannot be for more than 30 days. You must file the request for an extension either in person or by certified mail to the address contained in Section I. You must set forth the reasons for your request, and an extension will only be granted upon good cause being shown. You may request a personal appearance before the Issuing Officer named above, or with any immigration officer at this location. The appearance will be conducted pursuant to 8 C.F.R. § 280.13(b). You have the right to file a Motion to Reopen or a Motion to Reconsider an ICE order imposing a fine to the United States Department of Justice, Board of Immigration Appeals. If you file a motion to the Board of Immigration Appeals, an immigration officer may reopen or reconsider the initial ICE decision regarding this civil fine.

II.  If a written request for a personal interview or a written defense to this Notice is not received by the deadline to respond, the ICE Deciding Official will enter an order in the case and no appeal may be taken from this decision.

III.  If you request a personal interview, the interview will be conducted pursuant to 8 C.F.R. § 280.13(b). Any evidence in opposition to the imposition of the fine may also be presented at the personal interview.

IV.  After the conclusion of the personal interview or review of your written defense, if no personal interview is requested, the issuing officer will prepare a report for the ICE Deciding Official summarizing the evidence and his or her recommendation. The ICE Deciding Official will issue a written decision to you by mail.

V.  The ICE Deciding Official's decision can be appealed to the Board of Immigration Appeals as provided in Code of Federal Regulations, Title 8, Part 1003. The appeal must be filed with the ICE Deciding Official to the address contained in Section I within 30 days of service of the written decision.

VI.  You have a right to representation by counsel of your choice at no expense to the U.S. Government.

VII.  Any statement given may be used against you in these proceedings.

---

**Certificate of Service**

| | |
|---|---|
| _____ | _____ |
| Served by (print name) | Date served |
| _____ | _____ |
| Name and title of employee or officer | Signature of employee or officer |
| _____ | |
| Place of service | |
| _____ | _____ |
| Person served (print name) | Signature of person served |
| | ☐ Refused to sign |

Method of Service

☐ Personal Delivery                    ☐ Delivery to Respondent's Attorney

☐ Personal Delivery - Residence        ☒ Certified / Registered Mail, Return Receipt Requested
                                       TRACKING NUMBER: 95890710527009590764

---

ICE Form I-79A (9/18)

Page 2 of 2

Complaint, Ex. 1, page 24 of 37

ALERT: SEVERE WEATHER AND FLOODING IN TEXAS, FLORIDA, VIRGINIA, AND THE NORTHE...

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9589071052700959076450

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

Feedback

## Latest Update

Your item was picked up at the post office at 10:21 am on April 22, 2025 in ORANGE, CA 92863.

_____

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

**Delivered**
**Delivered, Individual Picked Up at Post Office**
ORANGE, CA 92863
April 22, 2025, 10:21 am

**Notice Left (No Authorized Recipient Available)**
ORANGE, CA 92867
April 21, 2025, 12:52 pm

**Arrived at USPS Regional Facility**
SANTA ANA CA DISTRIBUTION CENTER
April 20, 2025, 9:34 am

**In Transit to Next Facility**
April 19, 2025

**Arrived at USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER
April 18, 2025, 10:18 pm

Complaint, Ex. 1, page 25 of 37

● **Hide Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

**Text & Email Updates**                                                                                    ⌄

**USPS Tracking Plus®**                                                                                     ⌄

**Product Information**                                                                                     ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

Complaint, Ex. 1, page 26 of 37



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

[REDACTED]

2. Article Number *(Transfer from service label)*

9 0710 5270 0959 0764 50

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Olga C. Trujillo_   ☐ Agent
 ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
_Olga C. Trujillo_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

APR 22 2022

2025 MAY 12 PM 1:16

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☒ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9401 0018 5205 6747 19

Domestic Return Receipt

Complaint, Ex. 1, page 28 of 37

# U.S. DEPARTMENT OF HOMELAND SECURITY
# U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
### 500-12th St. SW-Mailstop-5202, RM 11078, Washington, D.C. 20536
DHS Office Mailing Address

## FINAL ORDER IMPOSING PENALTY
## INA § 240B FAILURE TO DEPART VOLUNTARILY

In the Matter of:

███████████

A-Number

Abacuc, TRUJILLO Acosta , Respondent

Alien Name

█████████████ Orange, CA 92867     LOS   _ NIF   _ 240B   _ 075767510

Alien Mailing Address                Penalty Tracking Number

On 4/9/25_____, a Form I-79, Notice of Intention to Fine was served upon the alien stating the allegations and charge, and the civil monetary penalty amount to be imposed upon the alien for failure to voluntarily depart the United States within the time specified in an order permitting voluntary departure.

On the Form I-79, Notice of Intention to Fine, the alien was advised of their right to contest the civil monetary penalty by, within 30 days from service of the Notice of Intention to Fine, submitting a written defense in duplicate, under oath, setting forth the reasons why a civil monetary penalty should not be imposed, and stating whether a personal appearance for interview is desired.

In response to the Form I-79, Notice of Intention to Fine, the alien:

☐ Filed an answer admitting the allegations in the Form I-79, Notice of Intention to Fine.

☒ Did not file an answer within 30 days following the service of the Form I-79, Notice of Intention to Fine.

Pursuant to 8 C.F.R. § 280.13(a), the allegations and charge are **SUSTAINED**.

As deemed appropriate, it is ordered that a civil monetary penalty be imposed upon the alien in the amount of:

$ 3,000.00_ pursuant to section 240B(d) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(d).

No appeal from this decision may be taken. 8 C.F.R. § 280.13(a).

DHS will issue an invoice and instructions for payment of the imposed civil monetary penalty.

Troy T. Moore

Deciding Official Name

Supervisory Detention and Deportation Officer

Deciding Official Title

Moore, 3721 Digitally signed by Moore, 3721
Date: 2025.05.24 08:37:01
-04'00'

5/24/2025

Deciding Official Signature

Date of Signature

Complaint, Ex. 1, page 29 of 37

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**
500-12th St. SW-Mailstop-5202, RM 11078, Washington, D.C. 20536
_____
DHS Office Mailing Address

## CERTIFICATION THAT ADMINISTRATIVELY FINAL ORDER/DECISION IMPOSING CIVIL MONETARY PENALTY HAS BEEN ISSUED

In the Matter of:

▮▮▮▮▮▮▮▮▮▮                        Abacuc, TRUJILLO Acosta            , Respondent
A-Number                           Alien Name

LOS   _ NIF   _ 240B   _ 075767510   $  3,000.00        05/13/2025
Penalty Tracking Number                    Penalty Amount          Penalty Order Date

I hereby certify that an administratively final order/decision imposing a civil monetary penalty in the above amount has been issued based upon a violation of:

☒ Failure to Depart Voluntarily (FTDV) under Immigration and Nationality Act § 240B

☐ Failure to Comply with Final Order (FTCF) under Immigration and Nationality Act § 274D

Upon this my signature below, it is deemed appropriate for Financial Service Center – Burlington to issue an invoice for the purpose of collecting the imposed civil monetary penalty.

Troy T. Moore                     Supervisory Detention and Deportation Officer   ICE/ERO/HQ
Certifier Name                    Certifier Title                    Certifier Office

Moore, 3721  Digitally signed by Moore, 3721
             Date: 2025.05.24 08:37:50
             -04'00'                        Troy.T.Moore@ice.dhs.gov    5/24/2025
Certifier Signature               Certifier Email                    Date of Signature

# ACCOUNTS RECEIVABLE NOTIFICATION FORM FOR
# INA § 240B FAILURE TO DEPART VOLUNTARILY PENALTY
# (FTDV PENALTY)

To: Miscellaneous.Receivables@ice.dhs.gov

| LOS _ NIF _ 240B _ 075767510 | $ 3,000.00 | 05/13/2025 |
|---|---|---|
| Penalty Tracking Number | Penalty Amount | Penalty Order Date |

| [redacted] | Abacuc, TRUJILLO Acosta | None |
|---|---|---|
| A-Number | Alien Name | SSN or ITIN (if none, type "None") |

| [redacted] Orange, CA 92867 | 714[redacted] |
|---|---|
| Alien Mailing Address | Alien Phone Number |

**Along with this Accounts Receivable Notification Form, you must submit copies of the following documents:**

☑ The Form I-79, Notice of Intention to Fine, with a properly completed certificate of service showing that the Form I-79 was properly served on the alien

☑ The Immigration Judge or Board of Immigration Appeals order granting voluntary departure including the written civil monetary penalty warnings, and the set penalty amount (or if none then the presumptive $3,000 amount applies)

☑ A copy of the form, Certification that Administratively Final Order/Decision Assessing FTDV or FTCF Penalty Has Been Issued

☑ The Deciding Official's Final Order/Decision assessing the penalty

☑ The Board of Immigration Appeals (BIA) Decision

☐ Verification that no BIA appeal was filed

| Troy T. Moore | Troy.T.Moore@ice.dhs.gov |
|---|---|
| Name of DHS Officer completing form | Email Address of DHS Officer completing form |

| Moore, 3721 Digitally signed by Moore, 3721 Date: 2025.05.24 08:38:25 -04'00' | 5/24/2025 |
|---|---|
| Signature of DHS Officer completing form | Date of form completion |

**SEE PAYMENT OPTIONS PAGE FOR ELECTRONIC PAYMENT OPTION**

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Voluntary Departure
PO Box 19438
Springfield, IL 62794-9438





RETURN SERVICE REQUESTED



ABUCAC TRUJILLO ACOSTA

ORANGE CA 92867-5145

**INVOICE**
**Centralized Receivables Service**
CRS INVOICE NUMBER:    26001659806
AGENCY REFERENCE:    LOSNIF240B075767510
INVOICE DATE:    05/27/2025

| DESCRIPTION | |
|---|---|
| Immigration and Nationality Act (INA), civil monetary penalties are being imposed as you failed to timely depart pursuant to a voluntary departure (VD) order. | |
| **TOTAL AMOUNT DUE ON OR BEFORE 06/06/2025** | **$3,000.00** |

Payment in full is due now. If you have any questions concerning this invoice, contact the Centralized Receivables Service (CRS) at 1-888-576-0663. The Centralized Receivables Service is a service provided by the U.S. Department of the Treasury to Federal agencies to assist in the management of accounts receivables.

Federal agencies are generally required to assess interest, administrative costs and penalties on past due amounts. Interest accrues at the annual rate of 5% on any amount outstanding from the Invoice Date. Administrative costs include processing and handling of unpaid balances. A penalty will be assessed at the annual rate of 6% on any amount outstanding after 91 days from the Invoice Date. You can avoid assessment of any charges, if we receive payment for the above amount on or before 06/06/2025.

If you fail to pay the full amount within 60 days from the date of this invoice, the Centralized Receivable Service will refer your debt(s) to the U.S. Department of the Treasury's Cross-Servicing program for collection, at which time additional administrative costs that may exceed 32% will be added to your debt(s). Administrative costs may change in the future without notice. In addition, Treasury may take any or all of the following actions:

- Reduce any eligible Federal and State payments due to you.
- Refer your debt(s) to a private collection agency.
- Refer your debt(s) to the U.S. Department of Justice to initiate litigation.
- Report the indebtedness to national credit bureaus.
- Report your debt(s) to the IRS as potential income.

You have the right to inspect and copy records related to this invoice and request a review of the determination of the amount due. You also have the right to enter into a reasonable repayment agreement that is acceptable to the agency.

If additional rights and notifications apply to you, you will find a reference page immediately following this Invoice. Unless otherwise specified in the attached reference page, if you wish to exercise any of your rights, we must receive your request on or before 30 days from the date of this Invoice.

HVINVDP-0527-2187162944-005/1-5/1

Questions or requests to exercise any of your rights should be directed to the Centralized Receivables Service at
1-888-576-0663, or in writing at the following address:

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Voluntary Departure
PO Box 19296
Springfield IL 62794-9296

Your prompt attention to this matter is appreciated.

CRS Payment Servicing Specialist
1-888-576-0663

**Please see the PAYMENT OPTIONS page.**
**Thank you for your timely payment!**

FIVINVDP-0527-2187162944-00571-571

# ADDITIONAL NOTIFICATIONS OF YOUR RIGHTS

**Denial of Future Federal Loans and Privileges:** If your delinquent debt with the United States government is reported to a credit bureau, your credit rating could be adversely affected. In addition, delinquency is a bar to obtaining Federal loans and other privileges. Except in limited circumstances, Federal agencies and their lenders are prohibited from approving your application for Federal direct, insured, or guaranteed loans until you resolve your outstanding delinquent debt.

**Bankruptcy:** If you have filed a petition for bankruptcy and the automatic bankruptcy stay is in effect, please notify the Centralized Receivables Service so that collection efforts on your account can be terminated. Please notify us of the stay by sending a copy of your filed and approved bankruptcy petition to:

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Voluntary Departure
PO Box 19296
Springfield IL 62794-9296

FIVINVDP-0527-2187162944-00571-571

# PAYMENT OPTIONS

**You have the following options to make full payment of the amount due:**

**Payment by Internet:** Make an on-line payment 24 hours a day/7 days a week using your checking/savings account or card at the CRS Invoice Payment Portal: https://crsportal.fiscal.treasury.gov/



CRS Invoice Number: 26001659806
Zip Code: 92867

*Contact CRS at 1-888-576-0663 if you require assistance in making payment.

**Payment by Phone:** Make a payment by calling 1-888-576-0663 between the hours of 8 AM and 8 PM Eastern Time, Monday through Friday, excluding Holidays. Please have your checking/savings account or card information available before calling.

**Payment by Check or Money Order:** Make a payment by enclosing your check or money order with the payment coupon below. To ensure proper processing of your payment, write your full name and the CRS invoice number on the front of your check or money order. Please do not send cash. **Payments by check or money order must be mailed in time to be received by the payment due date.** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

**Contact the Centralized Receivables Service at 1-888-576-0663**
with any questions about this invoice or available payment options.

**If paying by Check or Money Order,
please detach the Payment Coupon below and return with your payment.**

---

**Payment Coupon**

**Remember, you can make a payment online 24/7 at https://crsportal.fiscal.treasury.gov/**

| CRS Invoice # | 26001659806 |
|---|---|
| Agency Reference # | LOSNIF240B075767510 |
| Date of Payment | |
| Amount Enclosed | |

**Send check or money order only to:**

DHS
PO Box 5000
Williston, VT  05495

**Make checks payable to: DHS**

FIVINVDP-0527-2187182944-00571-571

Complaint, Ex. 1, page 35 of 37



